UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | 2:20-cr-00206-LSC-SGC-1 |
| ) | |
| ) | |
| ) | |
| **PATRICK DEVONE STALLWORTH,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OF OPINION AND ORDER**

**I.   Introduction**

Defendant, Patrick Stallworth ("Stallworth"), has filed a motion to have his federal sentence run concurrently with any yet-to-be imposed state sentences. (Doc. 149.) The Government has responded in opposition (doc. 154), and Stallworth has replied (doc. 155). For the following reasons, the motion is due to be denied.

**II.   Background**

On March 3, 2023, this Court sentenced Stallworth to two terms of Life imprisonment following his convictions for Kidnapping Resulting in Death in violation of 18 U.S.C. § 1201(a)(1) and Conspiracy to Commit Kidnapping Resulting in Death in violation of 18 U.S.C. § 1201(c). This Court ordered that the two Life

imprisonment terms would be run concurrently with each other and consecutively with any yet-to-be imposed sentences in Jefferson County Circuit Court case number CC 20-1731 or any other Jefferson County Circuit Court case number(s). During the sentencing hearing, defense counsel asserted that the Court was required to run the sentences concurrently with any yet-to-be imposed state sentences. The Court consulted with the probation officer who confirmed that there was no mandatory provision that prevented the Court from running the sentences consecutively. The Court stated that the federal offenses and the state offenses contained different elements and factual proof required to support a conviction. The Court determined that the sentences were due to be run consecutively but instructed the defense that it would wait to enter Judgment until March 6, 2023, thereby giving the defense counsel the opportunity until that date to file a motion with any authority supporting the defense's position that the sentences should be run concurrently.[1] The Court entered the Judgment on March 7, 2023. Stallworth filed the instant motion on

---

[1]  The Court:    . . . We could do this, okay, you know, I will enter a written order on this case Monday. You have till Monday to submit me a case or something that would clearly indicate that it is not in my discretion, that it's mandatory. Okay?

   Mr. Collins:   Yes, sir. Thank you.

(Doc. 164 at 10.)

March 8, 2023. The Court is aware that defense counsel technically did not file the instant motion within the time frame afforded by this Court, but the Court is not taking that into account in considering this motion and now considers the instant motion on the merits.

### III. Discussion

District courts have discretion to select whether sentences they impose will run concurrently or consecutively to other sentences they impose, to sentences that have been imposed in other proceedings, and to "anticipate[d]" state sentences not yet imposed. *See Setser v. United States*, 566 U.S. 231, 236–237 (2012). The Sentencing Guidelines address sentences for defendants who are subject to undischarged or anticipated state terms of imprisonment. *See* U.S.S.G. § 5G1.3.

In support of his contention that that his federal sentence ought to run concurrently to any yet-to-be imposed state sentences, Stallworth relies upon Section 5G1.3(b) of the Sentencing Guidelines. However, subsection (b) of Section 5G1.3 does not actually apply in this case because subsection (b) applies to *undischarged* terms of imprisonment in state cases, meaning a state term of imprisonment that already exists at the time of the federal sentencing, and Stallworth has not yet been sentenced on his state case(s). *See* U.S.S.G. § 5G1.3(b).

3

Instead, subsection (c) of Section 5G1.3 appears to be applicable in Stallworth's case, as it applies to *anticipated* terms of imprisonment in state cases. Specifically, Section 5G1.3(c) provides: "If . . . a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." U.S.S.G. § 5G1.3(c); *see also* U.S.S.G. § 5G1.3, comment. (n.3) ("Subsection (c) applies to cases in which the federal court anticipates that, after the federal sentence is imposed, the defendant will be sentenced in state court and serve a state sentence before being transferred to federal custody for federal imprisonment.").

In any event, both subsections (b) and (c) of Section 5G1.3 recommend that when federal and state offenses are relevant conduct, their sentences should run concurrently. However, the guidelines are advisory in nature despite the use of the terms "must" or "shall." *See United States v. Booker*, 543 U.S. 220, 266 (2005); *United States v. Henry*, 1 F.4th 1315, 1320, 1326 (11th Cir. 2021) (holding that § 5G1.3(b)(1) specifically, like all guidelines, is merely advisory during an initial sentencing, so courts are "not bound to follow the Commission's advice," but that courts must "properly consider the Guidelines' advisory recommendation").

This Court finds that the federal and state charges against Stallworth are not relevant conduct as contemplated by U.S.S.G. § 1B1.3. "Relevant conduct" includes (1) "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense," U.S.S.G. § 1B1.3(a)(1); (2) "solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction," U.S.S.G. § 1B1.3(a)(2); and (3) "all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions . . . ." U.S.S.G. § 1B1.3(a)(3).

There are major differences between the state and federal charges here. In the federal case, the jury found that Stallworth conspired to and committed the crime of kidnapping using an instrumentality of interstate commerce that resulted in the victim's death. The State of Alabama has charged Stallworth with Capital Murder in violation of Section 13A-5-40(1) and (15) of the Alabama Criminal Code. Section 13A-5-40(1) makes it a crime to commit "Murder by the defendant during a

5

kidnapping in the first degree or an attempt thereof committed by the defendant." Section 13A-5-40(15) makes it a crime to commit "Murder when the victim is less than fourteen years of age." "Murder" is defined in Section 13A-6-2(a)(1) of the Alabama Criminal Code if a person, "With intent to cause the death of another person, he or she causes the death of that person or of another person." The facts supporting the state prosecution relating to Stallworth's intent to cause the death of the victim go far beyond the proof necessary in the federal case. During Stallworth's trial and as later explained in Stallworth's presentence report, the evidence has shown that Stallworth, along with another person, committed multiple acts that resulted in the death of the victim. At the state trial, evidence to support a conviction will be required to show that Stallworth *caused* the death of the victim. Accordingly, the Court declined to run the federal and state case concurrently because they are not relevant conduct.

      This Court wishes to note, however, that even if the federal and state cases *are* relevant conduct as contemplated by Section 5G1.3, this Court, in its discretion, has declined to run the sentences concurrently and has decided instead to run them consecutively. Indeed, if the federal and yet-to-be imposed state sentences were to run concurrently, then Stallworth would in effect not suffer any independent punishment whatsoever for committing the federal crimes of Kidnapping Resulting

6

in Death in violation of 18 U.S.C. § 1201(a)(1) and Conspiracy to Commit Kidnapping Resulting in Death in violation of 18 U.S.C. § 1201(c). These federal crimes, for which a jury found Stallworth guilty after a lengthy trial where atrocious facts were presented, are heinous crimes in their own right, regardless of the result of the upcoming state prosecutions. The acts committed by Stallworth supporting his convictions for these federal crimes are more than deserving of the punishment that the Court imposed, independent and separate from the state-imposed murder charges. Accordingly, this Court utilized the discretion granted to it by the Sentencing Guidelines and the Supreme Court's decision in *Booker*, *supra*, and determined that, even if they are relevant conduct, the federal and state sentences shall run consecutive to each other.[2]

In sum, this Court was not required to impose a concurrent sentence, and it was allowed to impose a consecutive sentence upon consideration of the factors set forth in 18 U.S.C. §§ 3584 and 3553(a).

**IV.   Conclusion**

---

[2] The same analysis applies to the six "Unlawful Possession of Child Pornography" cases in Jefferson County Circuit Court that Stallworth has been charged with. These cases stem from the fact that, after he was arrested, child pornography was found in a mobile phone owned by Stallworth. The Court also does not consider these cases to be relevant conduct such that any yet-to-be imposed state sentences should run concurrently with the federal sentence, but assuming they are, the Court intended for the federal kidnapping and conspiracy sentences to run consecutively to any yet-to-be imposed sentences in these cases.

For the aforementioned reasons, Stallworth's motion (doc. 149) is **DENIED**.

**DONE** and **ORDERED** on April 10, 2023.

_____
L. Scott Coogler
United States District Judge

160704